MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
  jnadolenco@mayerbrown.com
BRONWYN F. POLLOCK (SBN 210912)
  bpollock@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

Attorneys for Defendant
Schering Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RAMONA RIVERA, on behalf of herself and others similarly situated,<br><br>              Plaintiffs,<br><br>   v.<br><br>SCHERING CORPORATION; and DOES 1 to 50, Inclusive,<br><br>              Defendants. | Case No. 5:07-cv-05550-JW (rs)<br><br>**ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

Defendant Schering Corporation ("Schering") hereby answers the First Amended Class Action Complaint (the "Complaint") of plaintiff Ramona Rivera ("Plaintiff") as follows:

# I

# INTRODUCTION[1]

1.  Schering admits that Plaintiff has filed a putative class action seeking to certify a class of current, former and future pharmaceutical sales representatives employed by Schering in California.  Schering denies the remaining allegations contained in paragraph 1 of the Complaint.

2.  Schering denies the allegations contained in paragraph 2 of the Complaint.

3.  Schering denies the allegations contained in paragraph 3 of the Complaint.

4.  Schering admits Plaintiff seeks the relief requested, denies Plaintiff and the putative class are entitled to such relief, and denies the remaining allegations contained in paragraph 4 of the Complaint.

5.  Schering admits Plaintiff seeks the relief requested, denies Plaintiff and the putative class are entitled to such relief, and denies the remaining allegations contained in paragraph 5 of the Complaint.

# PARTIES

## A.    Plaintiffs

6.  Schering admits that it operates in California under the name Schering Corporation and that it employs numerous pharmaceutical sales representatives in Santa Clara County.  Schering denies the remaining allegations contained in paragraph 6 of the Complaint.

---

[1] The headings and subheadings contained herein are taken verbatim from Plaintiff's Complaint.  To the extent such headings constitute allegations of wrongdoing against Schering, they are denied.

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

7.    Schering is informed and believes, and on that basis admits, that Plaintiff is a resident of California.

8.    Schering admits that Plaintiff was employed by Schering as a Professional Sales Representative**.**  Schering denies the remaining allegations contained in paragraph 8, including subparagraphs (1) through (4) of paragraph 8, of the Complaint.

### B.    Defendants

9.    Schering admits that it is a New Jersey corporation with its principal executive offices in New Jersey and further admits that it employed Plaintiff in California and employed other pharmaceutical sales representatives within California and Santa Clara County.  Schering denies the remaining allegations contained in paragraph 9 of the Complaint.

10.    Schering denies the allegations contained in paragraph 10 of the Complaint with respect to Schering.  With respect to the remaining allegations in paragraph 10 of the Complaint, Schering is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations contained in paragraph 10 of the Complaint.

11.    Schering admits that it employed Plaintiff and other pharmaceutical sales representatives in California.  Schering denies the remaining allegations contained in paragraph 11 of the Complaint with respect to Schering.  With respect to the allegations in paragraph 11 of the Complaint that relate to unidentified persons or entities, Schering is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations contained in paragraph 11 of the Complaint.

/ / /

/ / /

/ / /

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

# III

## FACTUAL BACKGROUND

12.    Schering denies the allegations contained in paragraph 12 of the Complaint.

13.    Schering denies the allegations contained in paragraph 13 of the Complaint.

14.    Schering denies the allegations contained in paragraph 14 of the Complaint.

15.    Schering denies the allegations contained in paragraph 15 of the Complaint.

16.    Schering denies the allegations contained in paragraph 16 of the Complaint.

17.    Schering denies the allegations contained in paragraph 17 of the Complaint.

18.    Schering denies the allegations contained in paragraph 18 of the Complaint.

19.    Schering denies the allegations contained in paragraph 19 of the Complaint.

20.    Schering denies the allegations contained in paragraph 20 of the Complaint.

21.    The allegations contained in paragraph 21 of the Complaint are legal conclusions to which a response is not required.  To the extent paragraph 21 of the Complaint alleges facts, Schering denies the allegations.

/ / /

/ / /

/ / /

/ / /

4

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

## IV

## CLASS ACTION ALLEGATIONS

22.    Schering admits that Plaintiff seeks to bring this action on behalf of herself and others as a class action as defined in paragraph 22 of the Complaint, but denies the remaining allegations contained in paragraph 22 of the Complaint.

23.    The allegations contained in paragraph 23 of the Complaint are legal conclusions to which a response is not required.  To the extent paragraph 23 of the Complaint alleges facts, Schering denies the allegations.

24.    Schering denies the allegations contained in paragraph 24 of the Complaint.

### A.    Numerosity

25.    Schering admits that it employs and has employed more than 250 pharmaceutical sales representatives during the last four years.  Schering denies the remaining allegations contained in paragraph 25 of the Complaint.

26.    Schering admits that it maintains certain employment records for its pharmaceutical sales representatives.  Schering denies the remaining allegations contained in paragraph 26 of the Complaint.

### B.    Commonality

27.    Schering denies the allegations contained in paragraph 27, including subparagraphs (1) through (7) of paragraph 27, of the Complaint.

### C.    Typicality

28.    Schering denies the allegations contained in paragraph 28 of the Complaint.

### D.    Adequacy of Representation

29.    Schering denies that this action should be certified as a class action. Schering is without sufficient knowledge or information to form a belief as to the

28735648

1   truth of the remaining allegations in paragraph 29 of the Complaint, and on that

2   basis denies the remaining allegations contained in paragraph 29 of the Complaint.

3       **E.    Superiority of Class Action**

4       30.    Schering denies the allegations contained in paragraph 30 of the

5   Complaint.

6       31.    Schering is without sufficient knowledge or information to form a

7   belief as to the truth of the allegation in paragraph 31 of the Complaint regarding

8   Plaintiff's awareness of any difficulties in the management of this action, and on

9   that basis denies this allegation. Schering denies the remaining allegations

10  contained in paragraph 31 of the Complaint.

11                                  **V**

12                      **FIRST CAUSE OF ACTION**

13  **FAILURE TO PAY OVERTIME WAGES (Labor Code §§1194, 1199)**

14      32.    Schering repeats and realleges the responses to paragraphs 1 through

15  31 as if fully set forth herein. Schering denies the remaining allegations contained

16  in paragraph 32 of the Complaint.

17      33.    Schering denies the allegations contained in paragraph 33 of the

18  Complaint.

19      34.    Schering denies the allegations contained in paragraph 34 of the

20  Complaint.

21                                  **VI**

22                      **SECOND CAUSE OF ACTION**

23             **FAILURE TO FURNISH WAGE STATEMENTS**

24          **In violation of California Labor Code § 226(e)**

25      35.    Schering repeats and realleges the responses to paragraphs 1 through

26  34 as if fully set forth herein. Schering denies the remaining allegations contained

27  in paragraph 35 of the Complaint.

28

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

36.     The allegations contained in paragraph 36 of the Complaint are legal conclusions to which a response is not required.  To the extent paragraph 36 of the Complaint alleges facts, Schering denies the allegations.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions to which a response is not required.  To the extent paragraph 37 of the Complaint alleges facts, Schering denies the allegations.

38.     Schering denies the allegations contained in paragraph 38 of the Complaint.

39.     Schering denies the allegations contained in paragraph 39 of the Complaint.

40.     Schering denies the allegations contained in paragraph 40 of the Complaint.

41.     Schering denies the allegations contained in paragraph 41 of the Complaint.

42.     Schering denies the allegations contained in paragraph 42 of the Complaint.

43.     Schering denies the allegations contained in paragraph 43 of the Complaint.

## VII

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

44.     Schering repeats and realleges the responses to paragraphs 1 through 43 as if fully set forth herein.  Schering denies the remaining allegations contained in paragraph 44 of the Complaint.

45.     Schering admits that it has employed pharmaceutical sales representatives located in California who are no longer employed by Schering for

7

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

various reasons, both voluntary and involuntary. Schering denies the remaining allegations contained in paragraph 45 of the Complaint.

46.    Schering denies the allegations contained in paragraph 46 of the Complaint, except for legal conclusions regarding the contents of Labor Code §203, to which a response is not required.

47.    Schering denies the allegations contained in paragraph 47 of the Complaint.

## VIII

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (OVERTIME)

48.    Schering repeats and realleges the responses to paragraphs 1 through 47 as if fully set forth herein. Schering denies the remaining allegations contained in paragraph 48 of the Complaint.

49.    Schering admits that Plaintiff seeks the requested relief, denies that Plaintiff is entitled to any such relief, and denies the remaining allegations contained in paragraph 49 of the Complaint.

50.    The allegations contained in paragraph 50 of the Complaint are legal conclusions to which a response is not required. To the extent paragraph 50 of the Complaint alleges facts, Schering denies the allegations.

51.    The allegations contained in paragraph 51 of the Complaint are legal conclusions to which a response is not required. To the extent paragraph 51 of the Complaint alleges facts, Schering denies the allegations.

52.    The allegations contained in paragraph 52 of the Complaint are legal conclusions to which a response is not required. To the extent paragraph 52 of the Complaint alleges facts, Schering denies the allegations.

28735648

53.    Schering denies the allegations contained in paragraph 53 of the Complaint.

54.    Schering denies the allegations contained in paragraph 54 of the Complaint.

55.    Schering denies the allegations contained in paragraph 55 of the Complaint.

56.    Schering denies the allegations contained in paragraph 56 of the Complaint.

57.    Schering denies the allegations contained in paragraph 57 of the Complaint.

**IX**

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE §17200 (MEAL)**

58.    Schering repeats and realleges the responses to paragraphs 1 through 57 as if fully set forth herein.  Schering denies the remaining allegations contained in paragraph 58 of the Complaint.

59.    Schering denies the allegations contained in paragraph 59 of the Complaint.

**X**

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE §17200 (REST)**

60.    Schering repeats and realleges the responses to paragraphs 1 through 59 as if fully set forth herein.  Schering denies the remaining allegations contained in paragraph 60 of the Complaint.

9

28735648

61.    Schering denies the allegations contained in paragraph 61 of the Complaint.

## RELIEF REQUESTED BY PLAINTIFF

1.    Schering admits that Plaintiff seeks the requested relief and denies that Plaintiff is entitled to any such relief.

2.    To the extent not expressly admitted above, Schering denies each and every allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's causes of action rather than an element of any affirmative defense, Schering alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

1.    Neither Plaintiff's Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute any cause of action against Schering.

## SECOND AFFIRMATIVE DEFENSE
### (Intervening Acts And/Or Omissions)

2.    All or part of the damages alleged in Plaintiff's Complaint were caused by the acts and/or omissions of Plaintiff, the putative class members or third parties for whose conduct Schering is not legally responsible, which intervened between the alleged acts and/or omissions of Schering and Plaintiff's and putative class members' alleged damages.  Plaintiff's and the putative class members' alleged damages, if any, are therefore not recoverable from Schering.  In the alternative, any damages which Plaintiff and the putative class members may be entitled to recover against Schering, if any, must be reduced to the extent that

28735648

1  such damages are attributable to the intervening acts and/or omissions of Plaintiff,

2  the putative class members or third parties.

3  ### THIRD AFFIRMATIVE DEFENSE

4  ### (Comparative Fault)

5  3.    All or part of the damages alleged in Plaintiff's Complaint were

6  caused by the acts and/or omissions of other persons or entities (including, without

7  limitation, acts and/or omissions of Plaintiffs and the putative class members) for

8  whose conduct Schering is not legally responsible.  Therefore, if Plaintiff and the

9  putative class members are found to be entitled to recover any of their alleged

10 damages, Schering's share thereof must be apportioned or reduced to the extent

11 that such damages are attributable to the acts and/or omissions of persons or

12 entities (including, without limitation, Plaintiff and the putative class members)

13 other than Schering.

14 ### FOURTH AFFIRMATIVE DEFENSE

15 ### (Laches)

16 4.    Plaintiff's Complaint and each purported cause of action alleged

17 therein are barred by the doctrine of laches.

18 ### FIFTH AFFIRMATIVE DEFENSE

19 ### (Offset/Payment/Accord and Satisfaction)

20 5.    Plaintiff's Complaint and each purported cause of action alleged

21 therein are barred, in whole or in part, by the doctrines of offset, payment, and

22 accord and satisfaction.

23 ### SIXTH AFFIRMATIVE DEFENSE

24 ### (Failure To Mitigate Damages)

25 6.    Plaintiff and the putative class members have failed to mitigate their

26 alleged damages, and to the extent of such failure to mitigate, any damages

27

28

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

1  awarded to Plaintiff and the putative class members should be reduced
2  accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.    Plaintiff's Complaint and each  purported cause of action alleged
therein are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Justification Or Privilege)

8.    Schering's alleged actions, if done at all, are justified and/or
privileged since, at all relevant times herein, Schering acted in accordance with its
corporate and administrative policies.

### NINTH AFFIRMATIVE DEFENSE

#### (Justification Or Privilege)

9.    Schering's alleged actions, if done at all, are justified and/or
privileged since, at all relevant times herein, Schering acted in accordance with the
applicable laws, including, without limitation, the applicable laws of the United
States of America and of the State of California.

### TENTH AFFIRMATIVE DEFENSE

#### (Statute Of Limitations)

10.    Plaintiff's Complaint, and each purported cause of action alleged
therein, are barred, in whole or in part, by the applicable statutes of limitation,
including, without limitation, California Code of Civil Procedure §§ 338, 339, 340,
California Business and Professions Code § 17208 and California Labor Code §
203.

/ / /

/ / /

/ / /

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3
4

11.    Plaintiff's Complaint and each purported cause of action alleged therein are barred by the doctrine of estoppel.

5

## TWELFTH AFFIRMATIVE DEFENSE

6

### (Waiver)

7
8

12.    Plaintiff's Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

9

## THIRTEENTH AFFIRMATIVE DEFENSE

10

### (California Labor Code § 2854)

11
12
13

13.    Plaintiff's Complaint and each purported cause of action alleged therein are barred by Plaintiff's and the putative class members' failure to comply with their employee obligations pursuant to California Labor Code § 2854.

14

## FOURTEENTH AFFIRMATIVE DEFENSE

15

### (California Labor Code § 2856)

16
17
18

14.    Plaintiff's Complaint and each purported cause of action alleged therein are barred by Plaintiff's and the putative class members' failure to comply with their employee obligations pursuant to California Labor Code § 2856.

19

## FIFTEENTH AFFIRMATIVE DEFENSE

20

### (California Labor Code § 2857)

21
22
23

15.    Plaintiff's Complaint and each purported cause of action alleged therein are barred by Plaintiff's and the putative class members' failure to comply with their employee obligations pursuant to California Labor Code § 2857.

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

13

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (California Labor Code § 2865)

3    16.    Plaintiff's Complaint and each purported cause of action alleged

4  therein are barred by Plaintiff's and the putative class members' failure to comply

5  with their employee obligations pursuant to California Labor Code § 2865.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7

### (Exemptions)

8    17.    Plaintiff's Complaint and each purported cause of action alleged

9  therein are barred on the grounds that Plaintiff and the putative class members are

10 or were employed in a bona fide outside sales and/or administrative capacity under

11 California Labor Code §§ 1171 and 515, respectively, California Industrial

12 Welfare Commission Wage Orders, and the California Supreme Court's holding

13 *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785 (1999).

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

### (Non-Willful Conduct)

16    18.    Plaintiff's Complaint and each purported cause of action alleged

17 therein which seeks penalties or other damages on the grounds of willfulness are

18 barred in that Schering did not act willfully with regard to the classification of

19 Plaintiff and the putative class members as exempt employees.

20

## NINETEENTH AFFIRMATIVE DEFENSE

21

### (Exclusions from Compensable Hours)

22    19.    Plaintiff's Complaint and each purported cause of action alleged

23 therein which seeks overtime compensation are barred to the extent they include

24 time claimed for non-compensable work.

25 / / /

26 / / /

27 / / /

28

## TWENTIETH AFFIRMATIVE DEFENSE

### (Compensation for All Time Worked)

20.    Plaintiff's Complaint and each purported cause of action alleged therein are barred on the grounds that the compensation paid to Plaintiff and putative class members was intended by the parties to compensate them for all of the time they worked each week.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defenses)

21.    Schering alleges as an affirmative defense that it intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action, and hereby reserves the right to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Schering prays that the Court:

1.    Dismiss Plaintiff's Complaint in its entirety with prejudice and order that Plaintiff take nothing;

2.    Enter judgment in favor of Schering;

3.    Award Schering its costs incurred defending this action; and

4.    Order such other and further relief as the Court may deem proper.

Dated: November 7, 2007            MAYER BROWN LLP
                                   JOHN NADOLENCO
                                   BRONWYN F. POLLOCK


                                   By: _____
                                        John Nadolenco
                                        Attorneys for Defendant
                                        Schering Corporation

ANSWER OF DEFENDANT SCHERING CORPORATION TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT; CASE NO. 5:07-CV-05550-JW (RS)

28735648