MAYER BROWN LLP
JOHN NADOLENCO (State Bar No. 181128)
jnadolenco@mayerbrown.com
BRONWYN F. POLLOCK (State Bar No. 210912)
bpollock@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MAYER BROWN LLP
DIANA HOOVER (pro hac vice)
dhoover@mayerbrown.com
700 Louisiana St., Ste. 3400
Houston, Texas 77002-2730
Telephone: (713) 238-3000
Facsimile: (713) 238-4888

Attorneys for Defendant
Schering Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

RAMONA RIVERA, on behalf of herself and others similarly situated,

Plaintiffs,

v.

SCHERING CORPORATION; and DOES 1 to 50, Inclusive,

Defendants.

Case No. **5:07-cv-05550-JW (rs)**

**(1) NOTICE OF MOTION AND MOTION OF DEFENDANT SCHERING CORPORATION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA; AND**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**The Honorable James Ware**

Date: January 21, 2008
Time: 9:00 a.m.
Location: Courtroom 8

[Filed concurrently with Declarations of Charles Brown and Shaiza Shamim in Support of Motion to Transfer]

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2008, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 8 of the above-captioned Court, Defendant Schering Corporation ("Schering") will move the Court to transfer venue to the Central District of California.

Said motion will be made upon the ground that this case belongs in the Central District because: (1) that is the District where Plaintiff lives and worked, and (2) the majority of witnesses for both parties are more likely to reside in the Central District. Schering's motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities and the Declarations of Charles Brown and Shaiza Shamim filed concurrently herewith; all pleadings and documents filed in this action; and upon any oral argument and such other information and documents that the Court may consider at the hearing for this motion.

Counsel for Schering has conferred with counsel for Plaintiff in accordance with this Court's Standing Order, and has determined that the noticed hearing date will not cause undue prejudice.

Dated: December 3, 2007

MAYER BROWN LLP
JOHN NADOLENCO
BRONWYN F. POLLOCK

By: [signature]
John Nadolenco
Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Even though this case has virtually no connection to this district, Plaintiff Ramona Rivera filed here presumably to avoid—or distance herself from—recent adverse decisions on the merits by judges in the U. S. District Court for the Central District of California.[1] This case belongs in the Central District. Plaintiff lives and worked in the Central District. The conduct alleged in the Complaint supposedly occurred in Plaintiff's sales territory in the Central District. While Plaintiff purports to bring a putative class action, almost three times as many putative class members reside in the Central District than in this District. Defendant Schering Corporation is headquartered in New Jersey. Thus, a majority of the witnesses for both parties likely reside either in the Central District or in New Jersey. Since the Northern District does not have any significant ties to the litigation, this Court should transfer the case to the Central District, which does have significant ties to the case.

## II. BACKGROUND

Plaintiff brought this case on behalf of herself and a proposed class of pharmaceutical sales representatives who Schering, *inter alia*, allegedly failed to pay overtime wages. First Amended Complaint ("FAC") ¶ 2. Schering is a New Jersey corporation with its headquarters and principal place of business in New Jersey. FAC ¶ 9; Declaration of Charles Brown ("Brown Decl.") ¶ 2. Plaintiff is a former Schering sales representative who, based on Schering's most recent

---

1 Plaintiff's action is one of many actions brought by some of the same plaintiffs' counsel that challenge whether outside sales representatives are exempt from overtime. In *Barnick v. Wyeth*, --- F.Supp.2d ----, 2007 WL 4105411 at *6-*7 (C.D. Cal. Oct. 25, 2007), (Shamim Decl., Ex. B), Judge Wilson recently ruled that one of Wyeth's outside sales persons was properly classified as exempt. And in *D'Este v. Bayer Corporation*, CV 07-3206 JFW (PLAx) at 6 (C.D. Cal. October 9, 2007) (Shamim Decl., Ex. C), another Central District court found that the plaintiff there was "properly classified as exempt from overtime." *Id.*

records, resides in Woodland Hills, California. *See* Declaration of Shaiza Shamim ("Shamim Decl."), Ex. A.

Plaintiff filed this case in the Superior Court of California, for the County of Santa Clara. But Plaintiff neither lives nor works in Santa Clara County. Based on Schering's records—which in turn are based in large part on information that Plaintiff provided—Plaintiff has lived in three California cities: Tarzana, Thousand Oaks, and Woodland Hills. *Id.* at pp. 1-3. All of those cities are in either Los Angeles or Ventura County, which in turn are in the Central District.[2] Accordingly, Plaintiff has no discernible ties to either Santa Clara County or the Northern District of California.

Furthermore, Schering employs almost *three times as many* pharmaceutical sales representatives (*i.e.*, putative class members) in the Central District than it does in the Northern District. *See* Brown Decl. ¶ 7. More particularly, of all Schering pharmaceutical sales representatives who live in California, 46.53% live in the Central District and only 17.82% live in the Northern District. Brown Decl. ¶ 7. Furthermore, there are almost double as many Schering District Managers who live in the Central District as in the Northern District. *See id.* Specifically, 31.68% of Schering's California District Managers live in the Central District, compared to only 14.85% who live in the Northern District. *Id.* Schering also does not have significant ties to the Northern District. Virtually all of Schering's corporate departments and functions, as they relate to pharmaceutical sales representatives, are based outside of California. Brown Decl. ¶ 3. For example, Schering's corporate offices, including its human resources, compensation, benefits, legal, finance, sales operations, sales training, marketing and compliance departments, are located in New Jersey. Brown Decl. ¶ 3. Many of Schering's key personnel and likely witnesses live and work in New Jersey. Brown Decl. ¶ 4.

---

[2] By her Complaint, Plaintiff merely alleges she is a California resident. FAC ¶ 7.

Schering's payroll department is based in Memphis, Tennessee. Brown Decl. ¶ 3. ZS Associates, an outside vendor that currently manages incentive administration for Schering, is based in New Jersey. Brown Decl. ¶ 5. Synygy, the outside vendor that managed Schering's incentive administration before January 1, 2007, is based in Pennsylvania. Brown Decl. ¶ 5.

## III. THE COURT SHOULD TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

A district court can transfer any civil matter "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) serves to "'prevent the waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)). A determination of whether an action should be transferred is a two-step analysis. First, the court must determine whether the action "might have been brought" in the target district. *Id.* If so, a motion for transfer lies within the broad discretion of the district court. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citations omitted). As discussed below (Section III (B)), courts consider a variety of factors when determining whether transfer is appropriate. *Id.*

### A. <u>The Instant Litigation "Might Have Been Brought" In The Central District of California.</u>

As an initial matter, there is no dispute that Plaintiff could have brought this action in the Central District of California. As noted, Plaintiff resides in the Central District. *See* Shamim Decl., Ex. A. Furthermore, Schering's headquarters and principal place of business are in New Jersey. Accordingly, the action could—and should—have been brought in the Central District of California.

**B. Transferring the Case to the Central District of California Would Promote Convenience and Fairness.**

In determining whether convenience and the interests of justice warrant a venue transfer pursuant to Section 1404(a), courts consider multiple factors, including: (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) the feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Lopez v. Chertoff*, 2007 WL 2113494 at *2 (N.D. Cal. July 20, 2007) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

Here, these factors weigh heavily in favor of transferring the case to the Central District of California.

**1. Plaintiff's Choice of Forum**

There is a presumption in favor of Plaintiff's choice of forum. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000). In class actions, however, a plaintiff's choice of forum is often accorded less weight. *See Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 526 (1947); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum ... when an individual ... represents a class, the named plaintiff's choice of forum is given less weight."). Moreover, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to minimal consideration." *Lou*, 834 F.2d at 739.

Plaintiff – who purports to bring a class action – does not reside in the Northern District of California, and her individual claims arise out of conduct that occurred in the Central District. *See* Shamim Decl., Ex. A. Thus, the weight given to her choice of forum diminishes significantly. *Gemini Capital Group v. Yap*

*Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). Moreover, Plaintiff cannot demonstrate that transferring the case to the Central District, where she resides, would inconvenience her. Therefore, Plaintiff's choice of forum should not weigh against transferring venue.

**2. Convenience to the Parties and Witnesses**

On balance, the Central District of California is more convenient for the parties and witnesses than the Northern District. As discussed above, Plaintiff lives in the Central District. Since Plaintiff's claim arise out of conduct that allegedly occurred out of the Central District, a number of witnesses (e.g., Plaintiff, her coworkers, managers, and third-party witnesses who observed her work habits such as doctors and medical office staff) presumably also live in the Central District. Moreover, 46.53% of the putative class members live in the Central District of California compared to only 17.82% who live in the Northern District.

Schering is based in New Jersey. Moreover, Schering's counsel – as well as Plaintiff's counsel – have their offices in the Central District. Accordingly, the parties and witnesses have closer ties to the Central District, and this factor favors transfer.

**3. Ease of Access to Evidence**

This factor also favors transfer or is neutral. The vast majority of Schering's documents are either physically located in New Jersey or are accessible from Schering's headquarters in New Jersey. Brown Decl. ¶ 6. Indeed, Schering's intranet, IntelliNet, and its data repository, Prism, are controlled and directed from New Jersey. Brown Decl. ¶ 6. Plaintiff and any relevant documents she has presumably are in the Central District. To Schering's knowledge, there are no documents relevant to Plaintiff's claims that are located in the Northern District of California. To the extent the Court considers Plaintiff's putative class claims, documents related to the performance, evaluation and compensation of sales representatives typically are transmitted to Schering's New Jersey offices and

maintained there. Brown Decl. ¶ 6. While there may be documents related to the putative class claims in, for example, the possession of Schering District Managers, any such documents are more likely to be located in the Central District as in the Northern District. This factor, therefore, either favors transfer or is neutral.

**4. Forum's Familiarity with the Governing Law**

This factor is neutral. Both the Central District and the Northern District are familiar with the provisions of the California Labor Code that are implicated by Plaintiff's claims.

**5. Feasibility of Consolidation with Other Claims**

This factor is neutral. There are no claims that require consolidation.

**6. Local Interest in the Controversy.**

This factor favors transfer. The Central District has a stronger interest in the controversy because Plaintiff resides in that district and the claims arise out of conduct that allegedly occurred in the Central District.

**7. Relative Court Congestion in Each Forum.**

Based on publicly available information, the Northern District appears slightly more congested than the Central District. The median times from filing to disposition in civil cases is slightly higher in the Northern District than the Central District. *See* http://www.uscourts.gov/cgi-bin/cmsd2006.pl; *Jaco Environmental Inc. v. Appliance Recycling Centers of America, Inc.*, 2007 WL 951274, *4 -5 (N.D. Cal. March 27, 2007). Thus, while this Court is better able to make the determination, it appears that this factor also favors transfer.

## IV. CONCLUSION

In conclusion, this Court should find that the instant case could have been brought in the Central District and that the balance of factors discussed above weighs in favor of transfer.

///

Schering respectfully requests, therefore, that the Court transfer the case to the Central District of California.

Dated: December 3, 2007

MAYER BROWN LLP
JOHN NADOLENCO
BRONWYN F. POLLOCK

By: [signature]
John Nadolenco
Attorneys for Defendant