KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY, ESQ. SBN-38022
ERIC B. KINGSLEY, ESQ.   SBN-185123
eric@kingsleykingsley.com
kingsleylaw@aol.com
DARREN M. COHEN, ESQ.   SBN-221938
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818) 990-8300, FAX (818) 990-2903

SPIRO MOSS BARNESS
IRA SPIRO, ESQ. SBN-67641
ira@spiromoss.com
GREGORY N. KARASIK, ESQ. SBN-115834
greg@spiromoss.com
11377 W. OLYMPIC BL., 5TH FLOOR
LOS ANGELES, CA 90064
(310) 235-2468; FAX (310) 235-2456

JOSEPH & HERZFELD LLP
CHARLES JOSEPH, ESQ.*
charles@jhllp.com
757 THIRD AVENUE, 25TH FLOOR
NEW YORK, NY 10017
(212) 688-5640; FAX (212) 688-2548
*Seeking Admission Pro Hac Vice

GILLESPIE, ROZEN, WATSKY & JONES, P.C.
JAMES A. JONES, ESQ*
jaj@grwlawfirm.com
3402 OAK GROVE AVE., SUITE 200
DALLAS, TX 75204
(214) 720-200; FAX (214) 720-2291
*Admitted Pro Hac Vice

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **RAMONA RIVERA, on behalf of herself and others similarly situated,** )<br>)<br>**Plaintiffs** )<br>)<br>v )<br>)<br>**SCHERING CORPORATION; and DOES 1 to 50, Inclusive,** )<br>)<br>**Defendants** )<br>)<br>-------------------------------------------------------- | **CASE NO.:  5:07-cv-05550-JW (rs)**<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**The Honorable James Ware**<br>**Date:  February 11, 2008**<br>**Time:  9:00 a.m.**<br>**Location: Courtroom 8, 4th Floor** |

-1-

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff RAMONA RIVERA on behalf of herself and all others similarly situated, submits this memorandum in opposition to the motion by Defendant Schering Corporation ("Defendant" or "Schering") to transfer venue to the Central District of California ("Motion" or "Mot.").[1]

## INTRODUCTION

On September 25, 2007, Plaintiff, a former Schering pharmaceutical representative, filed a class action complaint in the California Superior Court, Santa Clara County, pursuant to Cal. Civ. Proc. Code § 395.[2] (*See* Kingsley Decl., Ex. A)  Plaintiff, on behalf of current and former Schering pharmaceutical representatives in California, alleged that Defendant illegally failed to pay pharmaceutical representatives overtime wages in violation of California wage and hour law and violated the California Labor Code and California Business & Profession Code.[3] On October 30, 2007, Defendant removed the case from the state court to this Court.

Defendants now argue that the case should be transferred less than 400 miles away to the Central District of California. Defendant, however, has no legitimate reasons for moving this case. Nearly 18% of its pharmaceutical representatives in California live in this District, along with 15% of its California district managers. (Declaration of Charles Brown in Support of Defendant Schering Corporation's Motion to Transfer Venue to the Central District of California ("Brown Decl."), ¶7)  Defendant itself is actually headquartered across the country in New Jersey, and, thus, the Northern District is no more convenient than the Central District for Defendant.

---

[1] To assist the Court, Plaintiff submits the Declaration of Eric Kingsley ("Kingsley Decl."); Plaintiff's original complaint, attached as Exhibit A; Plaintiff's amended complaint, attached as Exhibit B; Brief for Appellant, *D'Este v. Bayer Corp.*, (9th Cir. Dec. 31, 2007) (No. 07-56577), attached as Exhibit C; and Brief for Appellant, *Barnick v. Wyeth, et al.*, (9th Cir. Jan. 14, 2008) (No. 07-56684), attached as Exhibit D.

[2] "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action. . . ." Cal. Civ. Proc. Code § 395.

[3] Plaintiff filed an amended complaint on October 29, 2007, correcting the name of the Defendant. ("SCHERING CORPORATION" instead of "SCHERING-PLOUGH CORPORATION") (*See* Kingsley Decl., Ex. B)

Overall, Defendant has failed to meet its heavy burden of making a clear-cut showing that convenience and justice for all parties demands that the litigation proceed elsewhere. Instead, it is clear from Defendant's motion that Defendant is merely seeking to transfer the case to a district that has recently rendered decisions favoring pharmaceutical companies.[4] In any event, Section 1404 is not a mechanism for defendants to transfer cases to fora in which they would rather be sued. The venue statutes intentionally provide plaintiffs with a wide range of choices as to where to pursue their claims. The plaintiff's choice of forum should not be disturbed unless the balance of factors strongly favors the movant.

## ARGUMENT

### I. THE COURT SHOULD DENY DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT.

"[C]ourts should not generally transfer unless the convenience and justice factors strongly favor the defendant's choice of venue." *Bibo v. Federal Express, Inc.*, NO. C07-2505 TEH, 2007 WL 2972948, at *2 (N.D. Cal. Oct. 10, 2007) (citing *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985)); *Flint v. UGS Corp.*, No. C07-04640 MJJ, 2007 WL 4365481 (N.D. Cal. Dec. 12, 2007) ("courts will not grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer") (Jenkins, J.). Defendants must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Flotsam of California, Inc. v. Huntington Beach Conference and Visitors Bureau*, No. C 06-7028 MMC, 2007 WL 1152682, at *4 (N.D. Cal. Apr. 18, 2007) (internal quotation omitted); *Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, No. C 07-3983 JSW, 2007 WL 4532214 (N.D. Cal. Dec. 19, 2007) (same) (White, J.). Section 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to be equally convenient or inconvenient." *Bristow v.*

---

[4] Defendant's attempt to use those cases to accuse Plaintiff of forum shopping is unfounded. Plaintiff had filed this complaint in state court in this district prior to the issuance of the referenced Central District of California decisions. *See D'Este v. Bayer Corporation*, CV 07-3206 JFW (PLAx) (C.D. Cal. October 9, 2007); *Barnick v. Wyeth*, 2007 WL 4105411 (C.D. Cal. Oct. 25, 2007). Both decisions have been appealed to the Ninth Circuit. *See* Kingsley Decl., Exs. C, D.

*Lycoming Engines*, No. CIV. S-06-1947 LKK/GGH, 2007 WL 1106098, *2 (E.D. Cal. Apr. 10, 2007) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 646 (1964)).

Motions for transfer of venue under Section 1404 are determined upon notions of convenience and fairness on a case-by-case basis. 28 U.S.C. 1404(a). Courts have recognized a non-exhaustive list of factors to consider: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001). Courts will also consider "relevant public policy of the forum" is also a significant factor. *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-99 (9th Cir. 2000); *Flint*, 2007 WL 4365481, at *2. Each case should be considered on its own facts, and if a defendant is unable to clearly demonstrate significant inconvenience, the transfer motion should be denied and the plaintiff's choice of forum respected. Here, those factors either favor the Northern District or are neutral. Accordingly, Defendant's motion to transfer this case to the Central District should be denied.

### A.    Plaintiffs' Choice Of Forum Is Entitled To Deference.

Plaintiff elected to bring this claim in state court in the Northern District, which she had a right to do under Cal. Civ. Proc. Code § 395. A plaintiff's choice of venue should generally be given great weight. *See Second Image Inc. v. Ronsin Photocopy, Inc.*, No. C 07-5242 PJH, 2007 WL 4557797, at *1 (N.D. Cal. Dec. 21, 2007) (citing *Securities Investor Protection Corp.*, 764 F.2d at 1317)

Defendant's suggestion that Plaintiff's forum choice is entitled to no deference at all is erroneous. While the fact that Plaintiff brings her claims as a class action and does not reside in this District takes away from the amount of deference owed her forum choice, it does not eliminate deference altogether. *See Flint*, 2007 WL 4365481, at *3 (finding that even where plaintiff did not reside in the district and brought claims as a class action, his choice was still

"entitled to some level of deference").  As one court explained in *Albert Fadem Trust v. Duke Energy Corporation:*

> Because [the court's] discretion must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the first factor, plaintiffs choice of forum, for that very choice reflects one side's assessment of the balance of relevant factors, and since the law permits the suit to be brought where plaintiff has chosen to bring it, that choice should not be lightly overridden.

214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (citation omitted)

Moreover, Defendant's argument that Plaintiff cannot demonstrate that transfer to the Central District would be inconvenient for her (Mot. at 6) is unpersuasive.   This Court has rejected this argument.

> Defendant contends that because Plaintiff resides within the Central District, it would be more convenient for Plaintiff if the case were transferred there. However, Plaintiff actively chose to bring this case within the Northern District, and the Court regards that decision as an implicit rejection of Defendant's hypothesis.

*Flint*, 2007 WL 4365481, at \*3.  *See Flores v. Zale Delaware, Inc.*, No. C07-0539 TEH, 2007 WL 4462992, \*3 (N.D. Cal. Dec. 17, 2007) ("Although [plaintiff] is a Los Angeles resident, she agreed to accept any arguable inconvenience that might arise from her choice of forum.").  *See also Rhodes v. Barnett,* 117 F. Supp. 312, 317 (S.D.N.Y. 1953) (On a motion to transfer, a "defendant may not complain about plaintiff's inconvenience); *Elam v. Ryder Automotive Operations, Inc.,* 94-CV-151A, 1994 WL 705290, \*7 (W.D.N.Y. Nov. 1, 1994) ("If the plaintiff is willing to suffer inconvenience and expense by suing in a particular forum, this is the plaintiff's concern, not defendant's.")

Plaintiff's choice of forum weighs against transfer.

### B. Defendant Has Not Demonstrated That Convenience and Justice Strongly Favor Transfer to the Central District.

#### 1. Convenience Of Parties And Non-Party Witnesses.

Defendant, which is headquartered in New Jersey, has no compelling argument that the Central District of California is any more convenient for it than the Northern District of California. According to Defendant, "many" of Schering's "key personnel and likely witnesses" live and work in New Jersey.[5] (Mot at 3; Brown Decl. ¶¶3-6) "The court does not consider the convenience of parties and witnesses who are located outside both the current and transferee fora." *Bristow*, 2007 WL 1106098, at *4 n.2 (citation omitted); *Flores*, 2007 WL 4462992, at *3 ("out-of-state witnesses and evidence have no bearing on whether the Northern District would be a more convenient forum than the Central District"); *Bibo*, 2007 WL 2972948, at *3 (ruling that as Defendant was headquartered outside of California, "the Northern District of California is no more or less convenient for Defendant than the Central District.").

Defendant's argument that more of its California pharmaceutical representatives resided in the Central District than the Northern District also fails to support transfer. First, the fact that more putative class members may reside in one district than another has been specifically rejected as a factor that favors transfer. In *Bibo,* the Defendant pointed "to the fact that if a class is ultimately certified there may be more class members located in southern California because . . . 63% of all active FedEx couriers in California are employed there." *Bibo*, 2007 WL 2972948, at *3. This Court, however, stated that

> the fact that slightly more than a majority of couriers are currently employed in southern California has no bearing on the convenience of the forum to the named plaintiffs who will ultimately be representing the class's interests.

*Bibo*, 2007 WL 2972948 at *3.

---

[5] Schering's payroll department is in Tennessee, and a vendor who managed Schering's incentive administration is based in Pennsylvania (Mot at 4)

Defendant's motion also lacks the necessary specificity. "To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location, and describe their testimony and its relevance." *Bibo*, 2007 WL 2972948, at *3. *See Flint*, 2007 WL 4365481, at *4 ("A defendant seeking to transfer a case must name witnesses, identify where witnesses are located, and explain the anticipated testimony and its relevance."); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002) ("The party seeking a transfer cannot rely on vague generalizations as to the convenience factors. The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include.") (Jenkins, J.). Apart from the redacted list of its California pharmaceutical representatives, Defendant makes no attempt to support its argument of inconvenience.

Moreover, to the extent Defendant is referencing its current employees as potential witnesses, the convenience of those witnesses "is entitled to little weight" because "[a]s employees of the party seeking transfer, defendants' will be able to compel their testimony at trial." *Bristow*, 2007 WL 1106098, at *4. *See also Jonathan Browning,* 2007 WL 4532214, at *6. In addition, "this Court, as well as a district court in the Central District, has the power to compel the attendance at trial of any witness residing in California," *Flotsam*, 2007 WL 1152682, at *2 (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)).

Defendant argues that Plaintiff's choice of forum is less inconvenient for defense counsel. (Mot. at 6) However, "convenience of counsel is not a consideration in determining whether to transfer an action." *Bibo*, 2007 WL 2972948, at *3. Even if the location of counsel was a relevant consideration, the attorney heading up Schering's defense, is Diana Hoover of Mayer Brown LLP in Houston, Texas. The Northern District of California is no less convenient than the Central District for Ms. Hoover. Additionally, the fact that defense counsel has an office in the nearby location of Palo Alto limits any inconvenience.

Defendant has not identified a single witness or party who cannot or will not travel to the Northern District (as opposed to the Central District) or who will be greatly inconvenienced by traveling to one as opposed to the other. Thus, this factor does not weigh in favor of transfer.

### 2. Location of Documentary Evidence

The fact that the majority of Schering's documents are in New Jersey or accessible by computer (Mot. at 6) does not support transfer. *See, e.g., Flores*, 2007 WL 4462992, at *3 (finding that the fact that "key documents" were located at the defendant's Texas headquarters had "no bearing on whether the Northern District would be a more convenient forum than the Central District.").

### 3. Familiarity of Forum With Applicable Law

Both courts are familiar with California wage and hour law. This factor is neutral as to transfer.

### 4. Feasibility of Consolidation With Other Claims

There are no related claims that could or should be consolidated with this case. This factor is neutral as to transfer.

### 5. Local Interest

This class action is brought on the behalf of all Schering pharmaceutical representatives in California – including, those in both the Northern and Central Districts of California. Both districts have an interest in resolving the alleged wage and hour violations against residents of their district. *See Munoz v. UPS Ground Freight*, No.C07-00970, 2007 WL 1795696, at *5 (N.D. Cal. Jun 20, 2007) ("If certified, the activities in Plaintiffs' Complaint would affect current and former employees located throughout … the state of California"). As this Court explained in *Flores:*

> [Defendant] Zales contends that the Northern District has a substantially lower interest in the instant action than the Central District because 31 of the 65 California Zales Jewelers stores are located in the Central District. The Northern District, however, has a considerable local interest in the class action because 16 Zales Jewelers stores are located in this forum.

2007 WL 4462992, at *4 (finding "that the local interest factor weighs against transfer").

-8-

OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA

Thus, this factor weighs against transfer.

### 6. Relative Court Congestion and Time of Trial

Defendant cites to outdated information regarding the median time it takes to complete a case in the two districts. The most recent statistics show that Northern District has a shorter median time from filing to disposition. *See* http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf. Thus, this factor does not favor transfer.

### 7. Public Policy/Interests of Justice

Nor does public policy (or the interests of justice) favor transfer of this case. Defendant represents that Plaintiff is attempting to avoid the U.S. District Court for the Central District of California. However, in actuality, it is Defendant who is forum shopping. Plaintiff filed this case in state court in this district prior to the issuance of the wrongly-decided Central District of California decisions *D'Este v. Bayer Corporation*, CV 07-3206 JFW (PLAx) (C.D. Cal. October 9, 2007) *Barnick v. Wyeth*, 2007 WL 4105411 (C.D. Cal. Oct. 25, 2007). Now seeking to shop for decisions in their favor, Defendants move to transfer the case to the Central District. The Court should decline to reward Defendant's attempt at forum shopping.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion to Transfer Venue should be denied.

DATED: January 18, 2008                    KINGSLEY & KINGSLEY, APC

By:  /s/ Eric Kingsley
    Eric B. Kingsley
    Kingsley & Kingsley
    16133 Venture Blvd, Suite 1200
    Encino, CA 91436
    Tel. (818) 990-8300
    Fax. (818) 990-2903

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2008, a copy of Plaintiff's Opposition to Defendant's Motion to Transfer Venue to the Central District of California and attached exhibits were filed electronically. The following parties shall receive an email notification through the Court's ECF system:

| | |
|---|---|
| Diana Lynn Hoover<br>Email: dhoover@mayerbrown.com | Gregory N. Karasik<br>Email: greg@spiromoss.com |
| Bronwyn Fitzgerald Pollock<br>Email: bpollock@mayerbrown.com | Erik B. Kingsley<br>Email: KingsleyLaw@aol.com |
| John Nadolenco<br>Email: jnadolenco@mayerbrown.com | Ira Spiro<br>Email: Ira@SpiroMoss.com |
| Shaiza Maureen Shamim<br>Email: sshamim@mayerbrown.com | James A Jones<br>Email: jaj@grwlawfirm.com |

Further, I hereby certify that the following parties have been served with a copy of the foregoing via regular United States Mail, postage prepaid, this January 18, 2008:

| | |
|---|---|
| Charles Joseph<br>Joseph & Herzfeld<br>757 3rd Avenue<br>25th Floor<br>New York, NY 10017 | |

By:  /s/ Eric Kingsley

Eric B. Kingsley
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

Attorneys for Plaintiffs