**Exhibit A**

Case 5:07-cv-05550-JW  Document 24-3  Filed 01/18/2008  Page 1 of 18

```
 1  KINGSLEY & KINGSLEY, APC
    GEORGE R. KINGSLEY, ESQ. SBN-38022
 2  ERIC B. KINGSLEY, ESQ.    SBN-185123
    eric@kingsleykingsley.com
 3  DARREN M. COHEN, ESQ.    SBN-221938
    16133 VENTURA BL., SUITE 1200
 4  ENCINO, CA 91436
    (818) 990-8300, FAX (818) 990-2903
 5
    SPIRO MOSS BARNESS
 6  IRA SPIRO, ESQ. SBN-67641
    ira@spiromoss.com
 7  GREGORY N. KARASIK, ESQ. SBN-115834
    11377 W. OLYMPIC BL., 5TH FLOOR
 8  LOS ANGELES, CA 90064
    (310) 235-2468; FAX (310) 235-2456
 9
    CHARLES JOSEPH, ESQ. FED BAR #CJ-9442
10  JOSEPH & HERZFELD LLP
    757 THIRD AVENUE, 25TH FLOOR
11  NEW YORK, NY 10017
    (212) 688-5640; FAX (212) 688-2548
    Seeking Admission Pro Hac Vice
12
    GILLESPIE, ROZEN, WATSKY & JONES, P.C.
13  JAMES A. JONES
    jaj@grwlawfirm.com
14  3402 OAK GROVE AVE., SUITE 200
    DALLAS, TX 75204
15  (214) 720-200; Fax (214) 720-2291
    Seeking Admission Pro Hac Vice
16
    Attorneys for Plaintiffs
```

**E-FILED**
Sep 25, 2007 4:04 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA., County of Santa Clara
Case #1-07-CV-095007 Filing #G-5202
By A. Floresca, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| RAMONA RIVERA, on behalf of herself and others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>SCHERING-PLOUGH CORPORATION; and DOES 1 to 50, Inclusive,<br><br>                    Defendants. | CASE NO.:<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Pay Overtime<br>2. Violation of Labor Code §226(a)<br>3. Penalties Pursuant to Labor Code §203<br>4. Violation of Business & Professions Code §17200 (Overtime)<br>5. Violation of Business & Professions Code §17200 (Meal)<br>6. Violation of Business & Professions Code §17200 (Rest) |

1

CLASS ACTION COMPLAINT

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

Plaintiff **RAMONA RIVERA** on behalf of herself and all others similarly situated, complain of defendants, and each of them, as follows:

## I

## INTRODUCTION

1. This is a Class Action, pursuant to <u>Code of Civil Procedure</u> §382, on behalf of plaintiff and a Proposed Class. The Class consists of "Pharmaceutical Representatives." In this pleading, the term "Pharmaceutical Representatives" shall mean all persons who have been, are, or in the future will be employed by any of the defendants during the statute of limitations period for the particular claim for relief in which the term "Pharmaceutical Representatives" is used (including time during which the statute of limitation was or may have been tolled or suspended), in any job whose title is or was referred to by any of the following titles, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included):

a. Sales Associate
b. Sales Representative
c. Professional Sales Representative
d. Senior Professional Sales Representative
e. Hepatitis Sales Representative
f. Hepatitis Sales Specialists
g. Hepatitis Senior Sales Specialists
h. Medical Center Sales
i. Medical Center Sales Specialist
j. Medical Center Senior Sales
k. ACS Sales Representative
l. ACS Sales Specialist
m. ACS Senior Sales Specialist
n. Hospital Sales Representatives
o. Hospital Sales Specialists
p. Oncology Sales Representatives
q. Oncology Sales Specialists
r. Oncology Senior Sales Specialists
s. Virology Sales Representatives
t. Virology Sales Specialists
u. Virology Senior Sales Specialists

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

Said "Pharmaceutical Representatives" were employed by defendant SCHERING-PLOUGH CORPORATION (hereinafter "SCHERING") and any subsidiaries or affiliated companies doing business in the State of California.

2. For at least four (4) years prior to the filing of this action and through to the present, defendants have had a consistent policy of failing to pay overtime to Pharmaceutical Representatives in violation of California state wage and hour laws. Plaintiff and the members of the Class were required to work more than eight (8) hours per day and/or forty (40) hours per week without receiving the proper overtime compensation.

3. For at least four (4) years prior to the filing of this action and through to the present, defendants have had a consistent policy of failing to provide Pharmaceutical Representatives an accurate itemized wage statement in violation of California state wage and hour laws.

4. Plaintiffs, on behalf of themselves and all Class Members, bring this action pursuant to Labor Code §§201, 202, 203, 226, 226.7, 510, 558, 1194, 1197, and 1199, and California Code of Regulations, Title 8, Section 11010 seeking unpaid overtime, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

5. Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business & Professions Code §§17200-17208, also seek injunctive relief, restitution, and disgorgement of all benefits defendants enjoyed from their failure to pay overtime and rest and meal period compensation.

///

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

## II

## PARTIES

**A.  Plaintiffs**

6.  Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395. Defendants operate in the state of California under the name SCHERING-PLOUGH CORPORATION. The unlawful acts alleged herein have a direct effect on plaintiff and those similarly situated within the State of California and within Santa Clara County.  Defendants employ numerous Class Members in Santa Clara County.

7.  Plaintiff RAMONA RIVERA is a resident of California.

8.  As an Senior Business Territory Manager, plaintiff was regularly required to:

(1)  Work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensation at the rate of time and one-half (1 1/2) of the regular rate of pay;

(2)  Work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked, and not being compensated one (1) hour of pay at her regular rate of compensation for each workday that a rest period was not provided;

(3)  Work in excess of five (5) hours per day without being provided a meal period and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders; and

(4)  Work without being provided an accurate itemized wage

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

statement as required by California Labor Code and Wage Orders.

B.  **Defendants**

9.  Defendant SCHERING-PLOUGH CORPORATION is a New Jersey corporation with its principal executive offices in New Jersey. Defendants employed plaintiff and similarly situated persons as Pharmaceutical Representatives within California and Santa Clara County.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

11. Plaintiff is informed and believes, and based thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, defendants in all respects acted as the employer and/or joint employer of plaintiff and the Class.

III

**FACTUAL BACKGROUND**

12. Plaintiff and other Pharmaceutical Representatives have been

CLASS ACTION COMPLAINT

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

improperly categorized as "exempt" employees by defendants and have not been paid, during the relevant liability period, the legal overtime rate of pay pursuant to Labor Code §510, Industrial Welfare Commission Wage Order 1-2001 and other applicable Wage Orders.

13.  Plaintiff and the Class, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

14.  During the hourly and overtime liability period, the named plaintiff and members of the Class were employed by defendants and erroneously paid strictly on a salary basis, without proper overtime compensation, despite working more than eight (8) hours per day and/or forty (40) hours per week.

15.  During the rest and meal period liability period, plaintiff and the members of the Class were regularly required to work in excess of four (4) hours without being provided a rest period and were regularly required to work in excess of five (5) hours per day, without being provided a meal period.

16.  Defendants did not fully compensate plaintiff and the Class for overtime wages during the overtime liability period and did not compensate for the failure to provide rest periods and meal periods during the rest and meal period liability period.

17.  Defendants' requirement that plaintiff and the Class work all hours at the regular rate, work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods during the liability periods was willful and deliberate.

18.  Defendants willfully failed to pay one hours wages in lieu

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

of rest and meal periods, when each employee quit or was discharged.

19. Defendants willfully failed to pay overtime wages to plaintiff and the Class at the time she/they quit or were discharged.

20. Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 1-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by plaintiff and the members of the proposed Class.

21. Plaintiff and the Class are covered by California Industrial Welfare Commission Occupational Wage Order Nos. 1-2001, 1-2000, 1-1998, California Industrial Welfare Commission in No. 1 (Title 8 Cal. Code of Reg. §§11010).

IV

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure. Plaintiff seeks to represent a class composed of and defined as follows:

> All persons who are employed or have been employed by defendants in the State of California who, within four (4) years of the filing of this action, have worked as a Pharmaceutical Representative.

23. Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

24. This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. **Numerosity**

25. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, plaintiff is informed and believes that defendants currently employ, and during the relevant time periods employed, as many as **250** Pharmaceutical Representatives.

26. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

B. **Commonality**

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1) Whether defendants violated Labor Code §§510, 1194, 1197, and 1199, and Industrial Welfare Commission Wage Order 1-2001 and/or other applicable IWC Wage Order, by requiring plaintiff and the Class to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay;

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

(2) Whether defendants violated Labor Code §§226.7 and 512, Wage Order 1-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11010 by failing to provide daily rest periods to plaintiff and the Class for every three and one-half (3 1/2) hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

(3) Whether defendants violated Labor Code §§226.7 and 512, IWC Wage Order 1-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11010 by failing to provide meal periods to plaintiff and the Class on days they worked in excess of five (5) hours or if waived meal period between five and six hours but worked over six hours with no meal period, and failing to compensate said employees one hours wages in lieu of meal periods;

(4) Whether defendants violated §226(a) of the Labor Code by failing to provide plaintiff and members of the class an accurate itemized wage statement;

(5) Whether defendants violated §§201-203 of the Labor Code by failing to pay overtime wages and/or compensation for denied rest periods and meal periods due and owing at the time that any Class member's employment with defendants terminated;

(6) Whether defendants violated §17200 et seq. of the Business & Professions Code by failing to pay legal overtime wages for assistant managers and/or failing to provide rest and meal periods without compensation to assistant managers or hourly restaurant employees;

(7) Whether plaintiff and the members of the Class are entitled to equitable relief pursuant to Business & Professions Code §17200, et. seq;

9

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

### C. Typicality

28. The claims of the named plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

### D. Adequacy of Representation

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

### E. Superiority of Class Action

30. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate Class Members at the legal overtime rates, denying Class Members rest and meal periods without legal compensation.

31. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

V

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES (Labor Code §§1194, 1199)

32. Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

33. By their policy of requiring Pharmaceutical Representatives to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2), as alleged above, defendants willfully violated the provisions of Labor Code §1194.

34. As a result of the unlawful acts of defendants, plaintiff and the Class have been deprived of overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §1194.

VI

## SECOND CAUSE OF ACTION

### FAILURE TO FURNISH WAGE STATEMENTS

### In violation of California Labor Code §226(e)

35. Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

36. California Labor Code §226(a) requires an employer, either semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects, among other things, the total number of hours worked and the applicable hourly rates.

11

CLASS ACTION COMPLAINT

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

37. Accordingly, pursuant to Labor Code §226(a), a California employer is required to maintain accurate records reflecting, among other things, the total hours worked and the applicable rates of each employee.

38. Defendants, as a pattern and practice, knowingly and intentionally failed and continue to fail to furnish Plaintiff and members of the Wage Statements Class with timely, itemized statements that accurately reflect, among other things, the total number of hours worked, and the applicable rate, in violation of Labor Code §226(a).

39. Defendants, as a pattern and practice, knowingly and intentionally failed and continue to fail to maintain accurate records reflecting, among other things, the total hours worked and the applicable rates of Plaintiff and the Wage Statement Class, in violation of Labor Code §226(a).

40. Plaintiff and the Wage Statement Class Members suffered injuries as a result of Defendants' failure to maintain records in that, without itemized statement showing all requisite information, they were misled by Defendants as to the correct information regarding various items including, but not limited to the total hours worked by the employee, new wages earned, and all applicable hourly rates in effect.

41. Pursuant to Labor Code §226(g), Plaintiff and the currently-employed members of the Wage Statements Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code §226.

42. Pursuant to Labor Code §226(e), Plaintiff and the Wage Statements Class are entitled to the greater of all actual damages

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) per person.

43. Pursuant to Labor Code §§226(e) and (g), Plaintiff and the Wage Statements Class are entitled to attorney's fees and costs.

## VII

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE §203

44. Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

45. Numerous members of the Class are no longer employed by defendants. They were either fired or quit defendants employ.

46. The defendant's failure to pay wages, as alleged above was willful in that defendants and each of them knew wages to be due but failed to pay them, thus entitling plaintiff and the Class to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

47. Defendants have failed to pay plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code §203, plaintiff and the Class are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

///
///
///

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

## VIII

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (OVERTIME)

48. Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

49. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. **RAMONA RIVERA** on her own behalf and on behalf of the general public, and on behalf of others similarly situated, bring this claim pursuant to Business & Professions Code §17200, et seq. The conduct of all defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to plaintiff, the general public, and the Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

50. Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

51. Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

52. Wage and hour laws express fundamental public policies. Providing employees with overtime is a fundamental public policy of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to

14

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

53. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guarantees to all employees under law.

54. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 of the Business & Professions Code.

55. Defendants by engaging in the conduct herein alleged, by not paying proper overtime compensation either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 of the Business & Professions Code.

56. As a proximate result of the above mentioned acts of defendants, plaintiff and others similarly situated have been damaged in a sum as may be proven.

57. Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by defendants, their agents or employees, of any unlawful or deceptive practice

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff and the Class Members to the money defendants have unlawfully failed to pay.

## IX

### FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (MEAL)

58. Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

59. Defendants by engaging in the conduct herein alleged, by not providing proper meal breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of Business & Professions Code §17200.

## X

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO

### BUSINESS & PROFESSIONS CODE §17200 (REST)

60. Plaintiff, on behalf of herself and all others similarly situated, repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

61. Defendants by engaging in the conduct herein alleged, by not providing proper rest breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of §17200 of the Business & Professions Code.

E-Filed: Sep 25, 2007 4:04 PM, Superior Court of CA, County of Santa Clara, Case #1-07-CV-095007 Filing #G-5202

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory damages in the amount of plaintiff's and each Class Members' unpaid overtime.

2. For penalties pursuant to Labor Code §226(a) for all employees who were not provided an accurate itemized wage statement as required by the California Labor Code;

3. For penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

4. An award of prejudgment and post judgment interest;

5. An order enjoining defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing plaintiffs with overtime compensation and proper meal and rest breaks pursuant to Labor Code §512 and IWC 1-2001.

6. For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits, in an amount as may be proven;

7. An award providing for payment of costs of suit;

8. An award of attorneys' fees; and

9. Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of their claims by jury to the extent authorized by law.

DATED: September 25, 2007        KINGSLEY & KINGSLEY, APC

By: _____
ERIC B. KINGSLEY
ATTORNEY FOR PLAINTIFFS