1  MAYER BROWN LLP
   JOHN NADOLENCO (State Bar No. 181128)
2    jnadolenco@mayerbrown.com
   BRONWYN F. POLLOCK (State Bar No. 210912)
3    bpollock@mayerbrown.com
   350 South Grand Avenue, 25th Floor
4  Los Angeles, California 90071-1503
   Telephone: (213) 229-9500
5  Facsimile: (213) 625-0248

6  MAYER BROWN LLP
   DIANA HOOVER (pro hac vice)
7    dhoover@mayerbrown.com
   700 Louisiana St., Ste. 3400
8  Houston, Texas 77002-2730
   Telephone: (713) 238-3000
9  Facsimile: (713) 238-4888

10 Attorneys for Defendant
   Schering Corporation
11

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15

16 RAMONA RIVERA, on behalf of           Case No. **5:07-cv-05550-JW (rs)**
   herself and others similarly situated,
17                                       **REPLY TO OPPOSITION TO
                   Plaintiffs,           MOTION OF DEFENDANT
18      v.                               SCHERING CORPORATION TO
                                         TRANSFER VENUE TO THE
19 SCHERING CORPORATION; and             CENTRAL DISTRICT OF
   DOES 1 to 50, Inclusive,              CALIFORNIA**
20
                   Defendants.           **The Honorable James Ware**
21
                                         Date: February 11, 2008
22                                       Time: 9:00 a.m.
                                         Location: Courtroom 8
23

24

25

26

27

28

---

DEFENDANT SCHERING CORPORATION'S REPLY TO THE OPPOSITION TO ITS MOTION TO
TRANSFER VENUE TO THE CENTRAL DISTRICT; CASE NO. 07-CV-0550-JW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Ramona Rivera is forum shopping. The Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum shopping. *See Foster v. Nationwide Mutual Ins.*, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007); *Italian Colors Rest. v. American Express Co.*, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) (citing *Alltrade. Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). Plaintiff's counsel knew as early as July 2007 that a court in the Central District would likely grant summary judgment for the defendant employer on the central issue in this case: whether pharmaceutical sales representatives qualified as exempt employees. Specifically, that court's certification order *encouraged* the defendant to file an early motion for summary judgment, stating "the Court notes that Defendant's argument that Plaintiff and the proposed class members fall within exceptions to the FLSA is persuasive…" *See* Declaration of Shaiza Shamim, filed concurrently ("Shamim Decl."), at Ex. A (July 18, 2007 Order Granting in Part Plaintiff's Motion for Conditional Collective Action Certification and Notice at p. 6, ¶ 2, filed in *Balyasny v. Bayer Corporation*, Case No. CV 06-7594-JFW (PLAx)). That is exactly the type of adverse ruling Plaintiff sought to avoid when she subsequently filed suit three months later, in October 2007, about 350 miles from her home located in the Central District.

However, Plaintiff's fear of adverse rulings in the Central District is irrelevant to whether transfer is appropriate. Plaintiff cannot credibly deny that this case has virtually no connection to this district. Plaintiff does not live here; she lives in the Central District. Further, all California counsel in this case, as well as Plaintiff's counsel, are in the Central District. Most importantly, a majority of the putative class action members do not reside here, and nearly 47% of the putative class reside in the Central District—a far higher percentage than in the

Northern District. This fact is especially important because in wage-hour cases such as this one, numerous employees and witnesses are typically interviewed and deposed in connection with any motion to certify and trial. Accordingly, the location of a significant percentage of employees (*i.e.*, potential witnesses) in the Central District makes that district much more convenient for <u>both</u> parties. Additionally, the other factors the Court should consider also weigh in favor of transfer.

## II. THE COURT SHOULD TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

Plaintiff does not dispute that venue is proper in either this district or the Central District of California. The key dispute, therefore, is whether the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. On the whole, the balance of factors favors transfer to the Central District.

### 1. Plaintiff's Choice of Forum Is Entitled to Little, If Any, Deference

Plaintiff insists that her choice of forum deserves deference. She is wrong. Indeed, multiple factors weigh against her choice of forum. *First*, Plaintiff admits in her opposition brief that in class actions, a plaintiff's choice of forum is often accorded less weight. Opp. at p. 4. *See Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 526 (1947); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum ... when an individual ... represents a class, the named plaintiff's choice of forum is given less weight."). The diminished weight accorded to the plaintiff's choice of forum in a class action is further diminished and, in fact, entirely disregarded when forum shopping is evident. *See Foster v. Nationwide Mutual Ins.*, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) ("Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum."); *Italian Colors Rest. v. American*

*Express Co.*, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) (citing *Alltrade. Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)) ("Furthermore, the Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping.").

*Second*, "the operative facts have not occurred within the forum," *Lou*, 834 F.2d at 739, because the only named plaintiff lives and works primarily in the Central District of California. As such, under the Ninth Circuit's decision in *Lou*, very little weight should be accorded to Plaintiff's choice of forum. *Id.*; *see also Foster* 2007 WL 4410408 at *4 ("where a plaintiff's choice of forum is a district other than which he resides, his choice may be given considerably less weight.") (internal citations omitted); *see also Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006) ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint.") (citing *Carolina Casualty Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1048 (N.D. Cal. 2001)).

Plaintiff mischaracterizes *Flint v. UGS Corp.*, 2007 WL 4365481 (N.D. Cal. Dec. 12, 2007) by failing to quote the case in context. While the *Flint* court stated that *generally* a plaintiff's choice of forum is entitled to some deference, in the very next sentence the court ruled that such deference was reduced because the plaintiff could not demonstrate a sufficient connection to the Northern District:

> Plaintiff fails, however, to demonstrate personal contact with the Northern District. Plaintiff also fails to demonstrate that any operative facts of the case occurred in the Northern District. Accordingly, the Court finds that although Plaintiff chose to bring the present case within the Northern District, the *de minimis* connection of Plaintiff and the case to this district reduces the deference given to Plaintiff's choice of forum.

3
DEFENDANT SCHERING CORPORATION'S REPLY TO THE OPPOSITION TO ITS MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT; CASE NO. 07-CV-0550-JW

*Id.* at *3. The same is true here, where Plaintiff's individual claims have no connection to the Northern District.

*Finally*, Plaintiff's desire to have her case tried in the Northern District rather than in the Central District where she resides is a sufficient indication of forum shopping and is entitled to no deference. *Foster v. Nationwide Mutual Ins.*, 2007 WL 4410408, at *3 (N.D. Cal. Dec. 14, 2007) ("forum shopping can be inferred here based on plaintiffs' apparent eagerness to have their case tried in the Northern District rather than in the Eastern District…Therefore, the Court will accord no deference to plaintiffs' choice of forum); *see also Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006) ("Inherent's relocation appears to be no more than an ingenious 'forum shopping' event."). Plaintiff filed in the Northern District only *after* a July 2007 Central District court order stating that it would likely grant a defense summary judgment on whether pharmaceutical sales representatives qualified as exempt employees. *See Italian Colors Rest. v. American Express Co.*, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) ("One could rationally infer forum shopping here, based on plaintiffs' repeat filing and plaintiffs' admitted perceptions…").

Accordingly, Plaintiff's choice of forum deserves little, if any, deference.

**2.     The Convenience To The Parties And Witnesses Clearly Weighs In Favor Of Transfer To The Central District.**

Plaintiff unbelievably claims that it is more "convenient" for her to litigate in the Northern District. That just cannot be. Plaintiff does not explain why it would be more convenient for her to litigate outside of the district in which she lives. Plaintiff has had ample opportunity to identify any contacts with the Northern District, but tellingly has not been able to do so. But even if Plaintiff could show that she has contacts with the Northern District, any such contacts would be of minimal value in a class action. *See Italian Colors Rest. v. American Express Co.*, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) ("Plaintiffs'

1 | contacts with this forum, as previously discussed, are of minimal value in a class
2 | action, especially in view of plaintiffs' forum shopping").

3 |       In her opposition, Plaintiff incorrectly relies on *Flint* for the proposition that
4 | the Northern District becomes more convenient for her solely because she has
5 | chosen to litigate here. Opp. at p. 5.  However, in *Flint*, there was no issue with
6 | regard to forum shopping, and the scope of the putative class had not yet been
7 | defined.  Based on those facts, the court in *Flint* denied the transfer motion <u>without
8 | prejudice</u>.  Here, Plaintiff's complaint clearly describes the "Pharmaceutical
9 | Representatives" who are included in the putative class (*see* First Amended Class
10 | Action Complaint at pp. 2 (¶1), 7 (¶ 22)).  And in its Motion to Transfer Venue to
11 | the Central District of California, Schering established that there are *three times*
12 | more putative class members who reside in the Central District than in the
13 | Northern District.  Declaration of Charles Brown ("Brown Decl.") ¶ 7.  Neither of
14 | these circumstances—the existence of a clearly defined putative class and
15 | information about where those putative class members resided—were present in
16 | *Flint*.  *Flint* also is distinguishable because counsel for both parties were located in
17 | the Northern District.  Here, neither parties' counsel are located in the Northern
18 | District.

19 |       Plaintiff also mistakenly relies on *Bibo v. Federal Express, Inc.*, 2007 WL
20 | 2972948 at *3 (N.D. Cal. Oct. 10, 2007).  First, unlike the defendant in *Bibo*,
21 | Schering does not concede that the Northern District is equally convenient to the
22 | Central District.  In fact, Schering has asserted that the Central District is *more*
23 | convenient than the Northern District because there are more witnesses affiliated
24 | with <u>both</u> parties in the Central District and <u>both</u> parties' counsel are located in the
25 | Central District.  In *Bibo*, the named plaintiffs all lived in the Northern District.
26 | Here, Plaintiff is the only named plaintiff and she lives in the Central District.
27 | Moreover, in *Bibo*, only one party's counsel was located in the Central District.
28 | Here, <u>both</u> parties' California counsel are located in the Central District.

Plaintiff faults Schering for not identifying any third-party witnesses in the Central District, while overlooking that she has not identified any in the Northern District—a situation that negates the relevance of third party witnesses as a factor in determining convenience. *Foster v. Nationwide Mutual Ins.*, 2007 WL 4410408, at *3 (N.D. Cal. Dec. 14, 2007) ("neither party has identified any third-party witnesses at all. The Court therefore finds that the convenience of third party witnesses is not a relevant factor and will instead focus on the convenience of the parties and witnesses affiliated with the parties."). Furthermore, Schering is precluded from identifying any third-party employee witnesses by name because it is responsible for protecting their privacy rights, unlike Plaintiff, who bears no such obligation. *Pioneer Elec. (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 366 (2007)(setting precertification procedure for revealing identities of putative class members to Plaintiff's counsel).

In any event, the record amply shows that the Central District is more convenient for the parties and witnesses affiliated with the parties. First, Plaintiff herself lives in the Central District, as does her counsel. Second, there are *three times* as many putative class members in the Central District. Thus, if this matter is certified, litigation costs will be greatly reduced if the case is transferred to the Central District. *See* Brown Decl., ¶ 7; *Italian Colors Rest. v. American Express Co.*, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions."). Stated simply, the Central District is more convenient for the parties and witnesses.

3.  **Ease Of Access To Evidence Favors Transfer To The Central District**

Plaintiff incorrectly asserts that this factor does not favor transfer because Schering's headquarters are in New Jersey. While documents in New Jersey are not more or less accessible to the Northern than the Central District, the fact that

more witnesses and district managers reside in the Central District means that any relevant documents in those witnesses' and managers' custody are also located in the Central District. And of course, Plaintiff and any relevant documents she has presumably are in the Central District. Thus, this factor also favors transfer or, at worst, is neutral.

### 4. Forum's Familiarity with the Governing Law

This factor is neutral. Both the Central District and the Northern District are familiar with the provisions of the California Labor Code that are implicated by Plaintiff's claims.

### 5. Feasibility of Consolidation with Other Claims

This factor is neutral. There are no claims that require consolidation.

### 6. Local Interest In The Controversy Favors Transfer.

This factor favors transfer. Plaintiff misconstrues *Flores v. Zale Delaware, Inc.*, 2007 WL 4462992, at *4 (N.D. Cal. Dec. 17, 2007), where at least one of the named plaintiffs lived in the district where suit was filed. Here, as discussed, all of the operative facts occurred in the Central District. The Central District has a stronger interest in the controversy because Plaintiff resides in that district and the claims arise out of conduct that allegedly occurred in the Central District.

### 7. Relative Court Congestion in Each Forum

This Court is best able to make the determination regarding court congestion since publicly available information is only current through March of 2007. Plaintiff correctly cites that for total cases, the Northern District's median time interval from filing to disposition is shorter than that of the Central District by about six weeks—6.1 months in the Northern District compared to 7.8 months in the Central District. However, the Northern District may still be more congested for various reasons. First, the statistics indicate that the Northern District is in trial more than the Central District because the median time interval from filing to disposition for cases that *went to trial* is almost a year longer in the Northern

District—27 months in the Northern District as opposed to 18.9 months in the Central District. Second, the Central District had a larger number of cases that required *no court action* from filing to disposition—3,033 cases in the Central District compared to 2,126 cases in the Northern District. *See* http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf. Finally, while there are more cases in the Central District, there also are twice as many district judges, with four new judges that have been sworn in the past twelve months. *See* California Court Directory, pp. 7-9. Case law also indicates that the Northern District is more congested. *Jaco Environmental Inc. v. Appliance Recycling Centers of America, Inc.*, 2007 WL 951274, *4 -5 (N.D. Cal. March 27, 2007). Thus, while this Court is better able to make the determination, it appears that this factor also favors transfer.

### III. CONCLUSION

In conclusion, this Court should find that the instant case could have been brought in the Central District and that the balance of factors discussed above weighs in favor of transfer. Schering respectfully requests, therefore, that the Court transfer the case to the Central District of California.

Dated: January 28, 2008

MAYER BROWN LLP
JOHN NADOLENCO
BRONWYN F. POLLOCK

By: _____
John Nadolenco
Attorneys for Defendant
SCHERING CORPORATION