MAYER BROWN LLP
JOHN NADOLENCO (State Bar No. 181128)
 jnadolenco@mayerbrown.com
BRONWYN F. POLLOCK (State Bar No. 210912)
 bpollock@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
DIANA L. HOOVER (pro hac vice pending)
 dhoover@mayerbrown.com
700 Louisiana St., Ste. 3400
Houston, Texas 77002-2730
Telephone:  (713) 238-3000
Facsimile:  (713) 238-4888

Attorneys for Defendant
Schering Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMONA RIVERA, on behalf of herself and others similarly situated,<br><br>    Plaintiffs,<br>v.<br>SCHERING CORPORATION; and DOES 1 to 50, Inclusive,<br><br>    Defendants. | Case No. **5:07-cv-05550-JW (rs)**<br><br>**DECLARATION OF SHAIZA SHAMIM IN SUPPORT OF DEFENDANT SCHERING CORPORATION'S REPLY TO OPPOSITION TO MOTION OF DEFENDANT SCHERING CORPORATION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**The Honorable James Ware**<br><br>Date: February 11, 2008<br>Time: 9:00a.m.<br>Location: Courtroom 8<br><br>[Filed concurrently with Reply to Opposition to Defendant Schering Corporation's Motion to Transfer Venue to the Central District of California] |

# DECLARATION OF SHAIZA SHAMIM

I, Shaiza M. Shamim, hereby declare as follows:

1. I am an associate in the Los Angeles office of the law firm of Mayer Brown LLP, counsel for Defendant Schering Corporation. I am an active member in good standing of the State Bar of California.

2. I make this declaration in support of Defendant Schering's Motion To Transfer Venue To The Central District, filed concurrently herewith. I have personal knowledge of the matters set forth in this declaration, and, if called as a witness, could and would testify competently thereto

3. Attached hereto as exhibits are true and correct copies of the following:

| EXHIBIT NUMBER | DESCRIPTION |
| --- | --- |
| A. | July 18, 2007 Order Granting in Part Plaintiff's Motion for Conditional Collective Action Certification and Notice at p. 6, ¶ 2, filed in *Balyasny v. Bayer Corporation*, Case No. CV 06-7594-JFW (PLAx) |

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

*/s/ Shaiza Shamim*
Shaiza M. Shamim (SBN 229096)

28737776

DECLARATION OF SHAIZA SHAMIM; CASE NO. 07-CV-05550

# Exhibit A



DOCKETED ON CM
JUL 20 2007
BY ___ 009

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PRIORITY SEND

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 06-7594-JFW (PLAx)**                       Date: July 18, 2007

Title:     Natalie Balyasny -v- Bayer Corporation, et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND NOTICE [filed 5/18/07; Doc # 23]**

    On May 18, 2007, Plaintiff Natalie Balyasny ("Plaintiff") filed a Motion for Conditional Collective Action Certification and Notice. On May 25, 2007, Defendant Bayer Corporation ("Defendant") filed its Opposition. On June 4, 2007, Plaintiff filed a Reply. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's June 11, 2007 hearing calendar and the parties were given advance telephonic notice. On July 5, 2007, the Court issued an Order directing the parties to file simultaneous supplemental briefs advising the Court as to the territory, district, and region in which each of the following individuals worked during their employment with Defendant: Plaintiff, Ellen Norris, Billie Jean Goldstein, and Gina D-Este. On July 16, 2007, Plaintiff and Defendant filed their supplemental briefs. After considering the moving, opposing, reply, and supplemental papers, and the arguments therein, the Court rules as follows:

    On November 29, 2006, Plaintiff filed Complaint against Defendant alleging, *inter alia*, that Defendant had violated the overtime and record keeping requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). According to Plaintiff's Complaint, Plaintiff was employed by Defendant as a pharmaceutical sales representative from February 2000 to April 2005. Plaintiff alleges that during the period of her employment, she worked more than forty hours per week and eight hours per day on a regular basis without receiving overtime compensation. Plaintiff claims that she was a "non-exempt" employee, and that failure to pay her overtime wages violated the FLSA. Plaintiff brings this action on behalf of herself and a class of similarly-situated pharmaceutical sales representatives who were also allegedly misclassified as exempt from overtime in violation of the FLSA. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

The FLSA requires covered employers to compensate non-exempt employees for time worked in excess of statutorily defined maximum hours. See 29 U.S.C. § 207(a). Section 216(b) of the FLSA provides that an employee may bring a collective action on behalf of herself and other "similarly-situated" employees when an employer fails to pay overtime wages. See 29 U.S.C. § 216(b). In a collective action under Section 216(b), employees who wish to join the suit must "opt-in" by filing a written consent with the Court. See id. If the employee does not file a written consent, then that employee is not bound by the outcome of the collective action. See, e.g., Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal 2004). The Court may authorize the named Section 216(b) plaintiff to send notice to all potential plaintiffs, and may set a deadline for those plaintiffs to "opt-in" to the suit. See id.; see also Pfohl v. Farmers Ins. Group., 2004 WL 554834, at *2 (C.D. Cal. Mar. 1, 2004). "Determining whether a collective action is appropriate is within the discretion of the district court." Leuthold, 224 F.R.D. at 466. Although the FLSA does not require certification for collective actions, certification in a Section 216(b) collective action is an effective case management tool, allowing the Court to control the notice procedure, the definition of the class, the cut-off date for opting in, and the orderly joinder of parties. See Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170-72 (1989).

The majority of courts, including those in the Ninth Circuit, follow a two-tiered approach for determining whether certification of a Section 216(b) collective action is appropriate. See Leuthold, 224 F.R.D. at 466. First, the Court must decide "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." Id. at 467. At this preliminary stage of the proceedings, given the limited amount of evidence generally available to the Court, the standard is "fairly lenient" and "typically results in conditional class certification" for the limited purpose of providing notice to the proposed class. Id. Specifically, conditional certification at this notice stage requires "little more than substantial allegations, supported by declarations or discovery, that 'the putative class members were together victims of a single decision, policy, or plan.'" Gerlach v. Wells Fargo & Co., 2006 WL 824652, at *2 (N.D. Cal. Mar. 28 2006) (quoting Thiessen V. General Electric Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)). "Plaintiff need not show that [her] position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that [her] position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941, 945 (W.D. Ark. Apr. 15, 2003) (internal citations omitted). Plaintiff "must show that there is some factual basis beyond the mere averments in [her] complaint for the class allegations." West v. Border Foods, Inc., 2006 WL 1892527, at *2 (D. Minn. July 10, 2006).[1]

---

[1] The second stage occurs once discovery is complete. At that time, the party opposing Section 216(b) collective action treatment may move to decertify the class. Leuthold, 224 F.R.D. at 466. Whether to decertify is a factual determination made by the Court based on the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant with respect to the individual plaintiffs; and (3) fairness and procedural considerations." Id. If, after examining the factual record and applying a stricter standard the Court determines that the plaintiffs are not similarly situated, then the Court may decertify the collective action and dismiss the opt-in plaintiffs without prejudice. Id.

In this case, Plaintiff claims that her "pleadings and declarations plainly demonstrate that the proposed collective class members are similarly situated." Motion at 2. In her Complaint, Plaintiff alleges that no pharmaceutical sales representatives employed by Defendant were ever paid overtime wages for hours worked in excess of forty hours per week and eight hours per day. Plaintiff further alleges that she routinely worked more than forty hours per week and eight hours per day to perform the duties required of her by Defendant, that she never received overtime pay, and that her experience is similar to other members of the proposed class.

In conjunction with her Motion and as evidence in support of her allegations, Plaintiff provided the Court with declarations from four other former employees of Defendant who worked as pharmaceutical representatives in Southern California who claim they were not paid overtime wages for time worked in excess of forty hours per week and eight hours per day. In her Motion, Plaintiff also relied extensively on the deposition testimony of Sean Kolb-Hunt, Defendant's Vice President Global Compensation and HR Operations for North America, to demonstrate that Defendant's "pharmaceutical representatives are 'pretty typical' across the country." Motion at 5 Based on the foregoing, Plaintiff claims that she "has made more than sufficient showing that she and other pharmaceutical representatives nationwide were categorically classified as 'exempt' on the basis of their job title, as a matter of company-wide policy and practice, and that they share the same primary job duty." Reply at 16-17.

Defendant argues that the Court should deny conditional certification on the grounds that Plaintiff has failed to meet her burden of demonstrating that "the putative class members were together victims of a single decision, policy, or plan." The Court agrees with Defendant that Plaintiff failed to provide even the minimal evidence required to "justify national notice" with her Motion. The mere fact that the pharmaceutical representatives employed by Defendant are classified as exempt and "share the same primary job duty" does not provide any support for Plaintiff's allegation that those employees "were together victims of a single decision, policy, or plan." Plaintiff cannot simply rely on the legal argument that pharmaceutical representatives were improperly classified as exempt, but must provide at least some factual support for her allegation that other employees across the nation were required by Defendant to work overtime and were not properly compensated for it. See, e.g., Adams v. Inter-Con Security Systems, Inc., 2007 WL 1089694, at *5 (N.D. Cal. Apr. 11, 2007) (A plaintiff need not "demonstrate the existence of similarly situated persons at every location in the proposed class," however, "the named plaintiff must demonstrate that there existed at least one similarly situated person at a facility other than [her] own."); Horne v. United Serv. Auto Ass'n, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) ("[T]he court must at least satisfy itself that there are other persons similarly situated and who desire to opt into this case.").

However, as part of her supplemental brief, Plaintiff provided the Court with two additional declarations of former employees of Defendant who worked as pharmaceutical representatives in Mississippi, Louisiana, and Southern Arkansas who claim they were not paid overtime wages for time worked in excess of forty hours per week and eight hours per day. In light of this additional evidence, the Court finds that under the more lenient standard applied by district courts in this Circuit, the declarations provided by Plaintiff are sufficient to establish that a national collective action of current and former pharmaceutical representatives employed by Defendant should be conditionally certified for the limited purpose of notifying potential class members of the pendency of the suit.

As part of her Motion, Plaintiff asks the Court to approve the proposed Notice attached as Exhibit A to Plaintiff's proposed Order. Defendant objects to the proposed Notice, and provided the Court with a proposed Notice. The Court has reviewed the proposed notices submitted by Plaintiff and Defendant and finds neither is appropriate. In an effort to assist the parties with the preparation of a revised proposed Notice, the Court will address several of the issues raised:

A.  Contact Information

Plaintiff requests that the Court order Defendant to provide her with the names, addresses, and telephone numbers for each potential plaintiff in the collective action. Defendant argues that it should not be required to do so on the grounds that it would violate the privacy rights of its employees. However, the Supreme Court has expressly authorized production of names and addresses of potential plaintiffs for notice purposes in a class action. See, e.g., Hoffman-La Roche, 493 U.S. at 170. Defendant argues that, at the very least, the Court should order that the contact information should be provided to a neutral mailing house which can provide Plaintiff with returned consent forms for filing with the Court, yet Defendant failed to provide the Court with a reasonable justification for such a limitation. Accordingly, the Court finds that production of the names and addresses of potential class members to Plaintiff is appropriate. With respect to the production of telephone numbers, Plaintiff has failed to provide the Court with a reason which would justify this request, and the Court agrees with Defendant that production of telephone numbers is both unnecessary and inappropriate as notice is to be provided by mail. See, e.g., Aguilar v. Complete Landscuplture, Inc., 2004 WL 2293842, at *5-6 (N.D. Tex. Oct. 7, 2004).

B.  Form of Notice

"[I]in exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffman-La Roche, 493 U.S. at 174. Defendant argues that Plaintiff's proposed Notice lacks neutrality in that it: (1) fails to state Defendant's position with respect to the allegations against it; (2) contains a Court caption; (3) does not inform potential plaintiffs of the potential costs of opting in to the litigation; (4) does not specify that the Court should not be contacted; and (5) fails to provide contact information for Defendant's counsel.

The Court agrees with Defendant that the Notice should contain a statement to the effect that defendant denies that it has violated the FLSA. See Gerlach, 2006 WL 824652 at *4. The Court agrees with Plaintiff that the Notice should contain the court caption, however, the statement that the Court has not taken a position in this case is "buried" on the last page of the proposed Notice, and should be moved to the first page below the court caption. To the extent Defendant seeks to include a statement that potential plaintiffs may incur costs by joining the lawsuit, the explanation of those costs must be specific and must include language that opt-in plaintiffs will not be responsible for Defendant's attorneys' fees should Defendant prevail. The Notice should include a statement that the Court should not be contacted. Defendant provides no authority for its request that the Notice include contact information for Defendant's counsel, and the Court declines to require that the Notice include such information.

C.  Mailing of the Notice

Plaintiff seeks to mail the same Notice to the potential class members more than once, while Defendant argues that a single mailing is sufficient. Plaintiff has failed to provide any reason that would support multiple mailings of the same notice, and the Court agrees with Defendant and finds that a single mailing will be sufficient to notify potential class members.

D.  Deadline for Filing Consent to Join

Plaintiff proposes a 120-day deadline for potential plaintiffs to file the form consent to join, while Defendant suggests that a 60-day deadline would be more appropriate. Plaintiff fails to provide any reasonable justification for such a lengthy period of time to file a consent form, and in light of the relatively small number of potential plaintiffs, the Court finds that the 60-day limitation suggested by Defendant is appropriate.

E.  Equitable Tolling

Normally, the statute of limitations for an FLSA violation claim is two years, but if the violation is willful the statute of limitations is extended to three years. *See* 29 U.S.C. § 255(a). Under the FLSA, individual plaintiffs in a collective action must file a valid consent to opt-in within the applicable statute of limitations. *See* 29 U.S.C § 256(b). Plaintiff argues that the Court should equitably toll the statute of limitations as of the date of the Complaint, or alternatively, as of the date Plaintiff's motion was filed. Defendant argues that notice should only be provided to those employed as pharmaceutical representatives for the three year period preceding the Notice.

Equitable tolling is extended sparingly and only where claimants exercise diligence in preserving their legal rights. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Courts will typically grant equitable tolling in two limited circumstances: (1) where the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory period, or (2) where the defendant's misconduct induces failure to meet the deadline. *See Irwin*, 498 U.S. at 96. Relying on *Adams*, Plaintiff argues that Defendant's failure to provide her with the contact information for potential class members is sufficient "misconduct" to warrant equitable tolling as of the date of the filing of the Complaint. However, Plaintiff has failed to demonstrate that she requested that Defendant provide her with the contact information for the proposed class prior to filing the present Motion. Moreover, Plaintiff waited more than five months after filing her Complaint to move for conditional collective action certification. Indeed, the only possible prejudice suffered by the class would result from the time it took for the Court to rule on Plaintiff's motion. Accordingly, the Court will toll the statute of limitations from June 11, 2007, the date set by Plaintiff for the hearing on this Motion. *See, e.g., Partlow v. Jewish Orphans Home of Southern California, Inc.*, 645 F.2d 757 (9th Cir. 1981); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312 (S.D. W.Va. 1986).

For all of the foregoing reasons, Plaintiff's Motion for Conditional Collective Action Certification and Notice is **GRANTED in part**. The collective class of potential plaintiffs shall include all current and former employees of Defendant who worked as pharmaceutical sales representatives from June 11, 2004 to the present.

The parties shall meet and confer and prepare a joint proposed Notice which is consistent with this Order. The parties shall file the joint proposed Notice by July 30, 2007. In the unlikely event the parties are unable to agree on a joint proposed Notice, the parties shall file, no later than July 30, 2007, their respective proposed Notices, as well as a declaration which details their objections to the opposing party's proposed Notice.

Additionally, the Court notes that Defendant's argument that Plaintiff and the proposed class members fall within exceptions to the FLSA is persuasive, and although that issue is not appropriate for disposition as part of the present motion, the Court encourages Defendant to file an early motion for summary judgment addressing this issue.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.