United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ramona Rivera,<br><br>        Plaintiff,<br>  v.<br><br>Schering Corp.,<br><br>        Defendant. | NO. C 07-05550 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

## **I.  INTRODUCTION**

Ramona Rivera ("Plaintiff"), on behalf of herself and others similarly situated, brings this putative diversity class action against Schering Corporation ("Defendant") for alleged, *inter alia*, failure to pay overtime in violation of California Labor Code §§ 226 *et seq.* and California Business and Professional Code §§ 17200 *et seq*. Plaintiff alleges that Defendant required her to work more than eight hours per day or over forty hours per week without being provided proper overtime compensation.

Presently before the Court is Defendant's Motion to Transfer the Action to the Central District of California. (hereafter, "Motion," Docket Item No. 15.) The Court conducted a hearing on February 11, 2008. Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendant's motion to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

In an Amended Complaint[1] filed on October 29, 2007, Plaintiff alleges as follows:

Plaintiff is a resident of California. (First Amended Class Action Complaint for Failure to Pay Overtime, Ex. B at 4, hereafter, "Complaint," Docket Item No. 24.) Plaintiff and the putative class are "Pharmaceutical Representatives"[2] who have been employed by Defendant in California. (Complaint, Ex. B ¶ 1.) Defendant is a New Jersey corporation with its principal executive offices in New Jersey. (Complaint ¶¶ 9, 10.) Defendant operates in California and employs numerous Pharmaceutical Representatives in Santa Clara County. (Complaint ¶ 6.)

Plaintiff was improperly categorized as an "exempt" employee within the meaning of the California Labor Code, but has at all times been a non-exempt employee. (Complaint ¶ 13.) During the hourly and overtime liability period, Plaintiff was erroneously paid strictly on a salary basis. Defendant required Plaintiff to work more than eight hours per day or more than forty hours per week without providing the proper overtime compensation. (Complaint ¶ 14.) Defendant also required Plaintiff to work through rest periods and meal periods without compensation. (Complaint ¶ 8.) Defendant has a consistent policy of failing to provide Plaintiff with accurate itemized wage statements in violation of California state wage and hour laws. (Complaint ¶ 3.) Plaintiff seeks relief for unpaid overtime, penalties, injunctive and other equitable relief, and reasonable attorney fees and costs. (Complaint ¶¶ 4-5.)

---

[1] This case was originally filed in Superior Court of California, for the County of Santa Clara. On November 1, 2007, Defendant removed the case to the District Court in the Northern District of California.

[2] "Pharmaceutical Representative" may include such titles as: Sales Associate, Sales Representative, Professional Sales Representative, Senior Professional Sales Representative, Hepatitis Sales Representative, Hepatitis Sales Specialist, Hepatitis Senior Sales Specialist, Medical Center Sale, Medical Center Sales Specialist, Medical Center Senior Sale, ACS Sales Representative, ACS Sales Specialist, ACS Senior Sales Specialist, Hospital Sales Specialist, Oncology Sales Representative, Oncology Sales Specialist, Oncology Senior Sales Specialist, Virology Sales Representative, Virology Sales Specialist, Virology Senior Sales Specialist. (Complaint ¶ 1.)

2

On the basis of the allegations outlined above, Plaintiff alleges six causes of action: (1) Failure to Pay Overtime Wages under California Labor Code §§ 1194, 1199; (2) Failure to Furnish Wage Statements under California Labor Code § 226(e); (3) Waiting Time Penalties under California Labor Code § 203; (4) Unfair Competition for failure to pay overtime pursuant to California Business and Professions Code § 17200; (5) Unfair Competition for failure to provide meal periods pursuant to California Business and Professions Code § 17200; and (6) Unfair Competition for failure to provide rest periods pursuant to California Business and Professions Code § 17200.

Presently before the Court is Defendant's motion to transfer this case to the Central District of California.

### III. STANDARDS

Under 28 U.S.C. § 1404(a), a district court may transfer a case pending before it to "any other district or division where it might have been brought." A plaintiff's choice of forum, however, is accorded substantial weight, and a court will not grant a motion under 1404(a) unless the defendant makes a strong showing of inconvenience. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The decision whether to grant a motion under § 1404(a) turns on the facts of the particular case. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Factors to be weighed in deciding such a motion include: (1) the location where the relevant agreements was negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contact relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state. Id. at 498-99.

3

### IV. DISCUSSION

Defendant moves to transfer venue on the ground that venue is more convenient for both parties in the Central District. (Motion at 4.) Since Defendant does not dispute that venue is proper in this district, the Court proceeds to consider whether certain factors weigh in favor of transferring the case to the Central District of California.

**A.    Plaintiff's Choice of Forum**

Plaintiff contends that her choice of forum should be given deference. (Opposition to Defendant's Motion to Transfer Venue to the Central District of California at 4, hereafter, "Opposition," Docket Item No. 24.)

Generally, there is a presumption favoring plaintiff's choice of forum. Ravelo Monegro v. Rosa, 211 F.3d 509, 513 (9th Cir. 2000). However, in class actions, a plaintiff's choice of forum is given less deference. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Further, a plaintiff's choice of forum may be disregarded where it is a result of forum shopping. See Foster v. Nationwide Ins., 2007 WL 441048, at *2 (N.D. Cal. Dec. 14, 2007); See also Alltrade, Inc., v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991).

Since this is a putative class action, Plaintiff's choice of forum is accorded less weight. With respect to whether Plaintiff is engaged in forum shopping, Defendant represents that there are two adverse decisions in the Central District which involve similar issues to those raised in Plaintiff's claim. (Declaration of Shaiza Shamim in Support of Defendant Schering Corporation's Motion to Transfer Venue to the Central District of California, Exs. B, C, hereafter, "Shamim Decl.," Docket Item No. 17.) Given the recent adverse decisions in the Central District and Plaintiff's failure to state any other reason for bringing her claim in the Northern District, there is a strong inference of forum shopping.[3] Accordingly, Plaintiff's choice of forum is accorded less weight.

---

[3] In fact, at the hearing, Plaintiff's counsel admitted that Plaintiff purposely filed in state court anticipating that Defendant would remove to federal court to avoid a stringent civil local rule in the Central District regarding class certification.

4

**B.      Respective Parties' Contacts With the Forum**

Defendant contends that both parties' contacts with the Central District are more significant than in the Northern District. (Reply to Opposition to Motion of Defendant Schering Corporation to Transfer Venue to the Central District of California at 3-6, Docket Item No. 25.)

Here, while Plaintiff's Complaint vaguely alleges that she resides in California without specifying which area, Defendant has provided three documents to support the contention that Plaintiff currently lives and has worked in the Central District. (See Complaint ¶¶ 6-7; Shamim Decl., Ex. A.) The documents are:

(1)     Form entitled "Employment Application" listing Tarzana, CA as Plaintiff's address, dated October 8, 2004;

(2)     Form entitled "New Hire/ Rehire Form" listing Thousand Oaks, CA as Plaintiff's address, dated November 22, 2004;

(3)     Letter from Defendant to Plaintiff listing Woodland Hills, CA as Plaintiff's address, dated April 10, 2007.

(Shamim Decl., Ex. A.) The first two documents show the cities where Plaintiff sought employment with Defendant. The last document shows Plaintiff's address as of April 10, 2007. All three cities are located in the Central District of California.

Likewise, Defendant has significant contacts with the Central District. Charles Brown, Defendant's Director of Human Resources, represents as follows:

(1)     Of the putative class of pharmaceutical representatives in California, 46.53% reside in the Central District while 17.82% reside in the Northern District;

(2)     Of the district managers overseeing the pharmaceutical representatives, 31.68% reside in the Central District while 14.85% reside in the Northern District.

(Declaration of Charles Brown in Support of Defendant Schering Corporation's Motion to Transfer Venue to the Central District of California ¶ 7, hereafter, "Brown Decl.," Docket Item No. 16.) These contentions have not been refuted by Plaintiff. Thus, the Court finds that Defendant has shown that the parties contacts are more significant in the Central District. Accordingly, this factor weighs in favor of transfer.

5

**C.     Convenience of the Parties and Witnesses**

Defendant contends that the convenience of the parties favors transferring the case to the Central District of California. (Motion at 6.)

In considering transfer of venue, the court analyzes the relative convenience of the parties and witnesses in either forum. Arley v. United Pac. Ins. Co., 379 F.2d 183, 185 (9th Cir. 1967). Relevant considerations include relative ease of access to proof and the availability of compulsory process. E & J. Gallo Winery v. F. & F. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994); see also Jones, 211 F.3d at 498. The level of contact relating to the cause of action and the cost of litigation in a particular forum should also be taken into account. Jones, 211 F.3d at 498.

First, as discussed above, the activities relating to Plaintiff's causes of action lie in the Central District. Second, Defendant has identified three categories of likely witnesses, including its own employees from New Jersey, Pharmaceutical Representatives from Central California, and third-party witnesses who have observed Plaintiff's work habits (e.g., doctors and other medical staff). (Motion at 6.) Since Plaintiff's work activities were concentrated in the Central District, a strong inference can be drawn that a majority of the relevant potential witnesses live either in the Central District of California or New Jersey and not in the Northern District of California. Additionally, requiring the Pharmaceutical Representatives and third-party witnesses residing in the Central District to travel to the Northern District to participate in proceedings would increase the burden of litigation on witnesses and directly affect the cost of litigation. In sum, the Court finds that sources of proof are more readily accessible in the Central District since the events giving rise to the action occurred.

On balance, the Court finds that the Jones factors weigh in favor of transferring the case to the Central District of California.

//

6

## V.  CONCLUSION

The Court GRANTS Defendant's Motion to Transfer the Action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

The Clerk shall transfer this case to the Central District of California and close this file.

Dated:  February 22, 2008

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bronwyn Fitzgerald Pollock bpollock@mayerbrown.com
Diana Lynn Hoover dhoover@mayerbrown.com
Eric B. Kingsley KingsleyLaw@aol.com
Gregory N. Karasik greg@spiromoss.com
Ira Spiro Ira@SpiroMoss.com
James A Jones jaj@grwlawfirm.com
John Nadolenco jnadolenco@mayerbrown.com
Shaiza Maureen Shamim sshamim@mayerbrown.com

**Dated: February 22, 2008**                    **Richard W. Wieking, Clerk**

                                                **By:   /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**